FILED BY FAX

1  TINA WOLFSON, SBN 174806
2  twolfson@ahdootwolfson.com
   ROBERT AHDOOT, SBN 172098
3  rahdoot@ahdootwolfson.com
4  THEODORE MAYA, SBN 223242
   tmaya@ahdootwolfson.com
5  AHDOOT & WOLFSON, APC
6  10850 Wilshire Boulevard, Suite 370
   Los Angeles, California 90024
7  Tel: (310) 474-9111; Fax:  (310) 474-8585

8  Attorneys for Plaintiff
9  JENNIFER KIRK

10                                                          NC

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  JENNIFER KIRK, an individual, on her      CASE NO. CV 13 5885
    own behalf and on behalf of all others
14  similarly situated,                        CLASS ACTION COMPLAINT FOR:

15                  Plaintiffs,                1.  Violation of the California Unfair
16                                                 Competition Law, Business &
    vs.                                            Professions Code §17200, et seq.
17                                            2.  Invasion of Privacy - Intrusion,
    TARGET CORPORATION, a Minnesota               Public Disclosure of Private Facts,
18  Corporation; and DOES 1-10,                   Misappropriation of Likeness and
19                  Defendants.                    Identity, and California
                                                  Constitutional Right to Privacy
20                                            3.  Negligence
21                                            4.  Bailment
22                                            5.  Conversion
                                              6.  Violation of Cal. Civ. Code
23                                                § 1798.80 et seq.
24
25                                                DEMAND FOR JURY TRIAL
26
27
28

                         CLASS ACTION COMPLAINT

1  Plaintiff JENNIFER KIRK ("Plaintiff") brings this class action against

2  Defendants TARGET CORPORATION ("TARGET"), a Minnesota Corporation, and

3

4  DOES 1-10 (collectively, "Defendants") on behalf of herself and all others similarly

5  situated to obtain damages, restitution and injunctive relief for the Class, as defined,

6  below, from DEFENDANTS. Plaintiff makes the following allegations upon

7

8  information and belief, except as to her own actions, the investigation of his counsel,

9  and the facts that are a matter of public record:

10
**PARTIES**
11

12  1.  Plaintiff is an individual who resides in this Judicial District.

13  2.  Defendant TARGET CORPORATION is a Minnesota Corporation

14  headquartered in Minneapolis, Minnesota.

15

16  **JURISDICTION AND VENUE**

17  3.  This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). In

18  the aggregate, Plaintiff's claims and the claims of the other members of the Class

19

20  exceed $5,000,000 exclusive of interest and costs, and there are numerous class

21  members who are citizens of states other than TARGET's state of citizenship, which is

22  Minnesota.

23

24  4.  This Court has personal jurisdiction over TARGET because TARGET is

25  authorized to do business in the State of California, and operates stores within this

26  Judicial District.

27

28  5.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 because many

2

1    of the acts and transactions giving rise to this action occurred in this District and

2    because TARGET is subject to personal jurisdiction in this District.

3

4                          **GENERAL ALLEGATIONS**

5        6.      TARGET is the second-largest discount retailer in the United States and,

6    as of 2013, is ranked 36th on the Fortune 500 list of top US companies, by revenue.

7

8    Millions of Americans regularly shop at Target stores.

9        7.      Plaintiff is a regular shopper at Target stores, and used her debit card at a

10   Target Store in this Judicial District between November 27 and December 15, 2013,

11

12   including to buy Christmas-related goods for her family during the holiday season.

13       8.      The data breach affected approximately 40 million credit and debit cards

14   swiped in U.S. TARGET stores between November 27 and December 15, 2013.

15

16       9.      News of the data breach was first published by a blogger (Brian Krebs of

17   <http://krebsonsecurity.com/>) on or about December 18, 2013, before TARGET

18   made any attempt whatsoever to notify affected customers.

19

20       10.     As widely reported by multiple news services on December 19, 2013:

21   "Investigators believe the data was obtained via software installed on machines that

22   customers use to swipe magnetic strips on their cards when paying for merchandise at

23

24   Target stores." <http://www.cbsnews.com/news/target-confirms-massive-credit-debit-

25   card-data-breach/> (last visited December 19, 2013).

26

27       11.     "The type of data stolen — also known as 'track data' — allows crooks to

28   create counterfeit cards by encoding the information onto any card with a magnetic

3

stripe." <http://krebsonsecurity.com/> (last visited December 19, 2013).

12. The thieves may also have accessed PIN numbers for affected customers' debit cards, allowing the thieves to withdraw money from those customers' bank accounts. (*Id.*)

13. Thieves could not have accessed this information and installed the software on TARGET's point-of-sale machines but for DEFENDANTS' negligence.

14. TARGET failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

15. As this news broke, TARGET finally released a statement concerning the data breach, but not one designed to notify affected customers directly. Rather, TARGET posted a statement on its corporate website (not on the shopping site regularly accessed by customers) on December 19, 2013, confirming "that the information involved in this incident included customer name, credit or debit card number, and the card's expiration date and CVV (the three-digit security code)." <https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca> (last visited December 19, 2013).

16. In its December 19 statement concerning the data breach, Target also claimed to "have identified and resolved the issue," conveying a false sense of security to affected customers. (*Id.*)

17. On information and belief, Plaintiff's identifying and financial information was disclosed in the data breach.

## CONSEQUENCES OF DEFENDANTS' CONDUCT

18. The ramifications of Defendants' failure to keep class members' data secure are severe.

19. The information Defendants lost, including Plaintiffs' identifying information and other financial information, is "as good as gold" to identity thieves, in the words of the Federal Trade Commission ("FTC"). FTC, *About Identity Theft*, available at <http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html> (visited March 23, 2011). Identity theft occurs when someone uses another's personal identifying information, such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes. *Id.* The FTC estimates that as many as 9 million Americans have their identities stolen each year. *Id.*

20. Identity thieves can use identifying data to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, or clone ATM, debit, or credit cards. *Id.*

21. Identity thieves can use personal information such as that pertaining to the Class, which Defendants failed to keep secure to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims. For instance, identity

1   thieves may commit various types of government fraud such as: immigration fraud;

2   obtaining a driver's license or identification card in the victim's name but with

3

4   another's picture; using the victim's information to obtain government benefits; or

5   filing a fraudulent tax return using the victim's information to obtain a fraudulent

6   refund.

7

8       22.     In addition, identity thieves may get medical services using the Plaintiffs'

9   lost information or commit any number of other frauds, such as obtaining a job,

10  procuring housing, or even giving false information to police during an arrest.

11

12      23.     Annual monetary losses from identity theft are in the billions of dollars.

13  According to a Presidential Report on identity theft produced in 2008:

14

15          In addition to the losses that result when identity thieves
            fraudulently open accounts or misuse existing accounts, . . . individual
16          victims often suffer indirect financial costs, including the costs incurred in
            both civil litigation initiated by creditors and in overcoming the many
17          obstacles they face in obtaining or retaining credit.  Victims of non-
18          financial identity theft, for example, health-related or criminal record
            fraud, face other types of harm and frustration.

19

20          In addition to out-of-pocket expenses that can reach thousands of
            dollars for the victims of new account identity theft, and the emotional toll
21          identity theft can take, some victims have to spend what can be a
22          considerable amount of time to repair the damage caused by the identity
            thieves. Victims of new account identity theft, for example, must correct
23          fraudulent information in their credit reports and monitor their reports for
24          future inaccuracies, close existing bank accounts and open new ones, and
            dispute charges with individual creditors.
25

26  *The President's Identity Theft Task Force Report* at p.21 (Oct. 21, 2008),

27  available at <http://www.idtheft.gov/reports/StrategicPlan.pdf>.

28

6

24.     According to the U.S. Government Accountability Office ("GAO"),

which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be
> held for up to a year or more before being used to commit identity theft.
> Further, once stolen data have been sold or posted on the Web, fraudulent
> use of that information may continue for years. As a result, studies that
> attempt to measure the harm resulting from data breaches cannot
> necessarily rule out all future harm.

GAO, *Report to Congressional Requesters*, at p.33 (June 2007), available at
<http://www.gao.gov/new.items/d07737.pdf>.

25.     Plaintiff and the Class she seeks to represent now face years of constant

surveillance of their financial and personal records, monitoring, and loss of rights.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on her own behalf, and on behalf of all other

persons similarly situated ("the Class").  The Class that Plaintiffs seek to represent is:

> All persons who used credit or debit cards at Target Corporation
> stores in California and whose personal and/or financial information
> was breached during the period from on or about November 27 to on
> or about December 15, 2013.  Excluded from the Class are
> Defendants; officers, directors, and employees of Defendants; any
> entity in which Defendants have a controlling interest; the affiliates,
> legal representatives, attorneys, heirs, and assigns of the Defendants.

27.     The members of the Class are so numerous that the joinder of all members

is impractical.  While the exact number of Class members is unknown to Plaintiff at

this time, based on information and belief, it is in the millions.

7

28.   There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

29.   This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because it involves questions of law and fact common to the member of the Class that predominate over any questions affecting only individual members, including, but not limited to:

   a.   Whether Defendants unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

   b.   Whether TARGET unreasonably delayed in notifying affected customers of the data breach;

   c.   Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

   d.   Whether Defendants violated the requirements of California Civil Code Section 1798.80 *et seq.*

   e.   Whether Defendants' conduct violated the California Business & Professions Code §17200, *et seq.*

   f.   Whether Defendants' conduct was negligent;

   g.   Whether Defendants acted willfully and/or with oppression, fraud,

or malice;

h.   Whether Defendants' conduct constituted Intrusion;

i.   Whether Defendants' conduct constituted Public Disclosure of Private Facts;

j.   Whether Defendants' conduct constituted Misappropriation of Likeness and Identity;

k.   Whether Defendants' conduct violated Class members' California Constitutional Right to Privacy;

l.   Whether Defendants' conduct constituted Bailment;

m.   Whether Defendants' conduct constituted Conversion;

n.   Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

30.   Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other class member, was misused and/or disclosed by Defendants.

31.   Plaintiff will fairly and accurately represent the interests of the Class.

32.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants and would lead to repetitive adjudication of common questions of law and fact. Accordingly, class treatment is superior to any other method for adjudicating the

9

controversy.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

33.    Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

34.    Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

## FIRST COUNT

**Violation of the California Unfair Competition Law, Business & Professions Code §17200, *et seq.***

**(Against all Defendants)**

35.    Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

36.    Defendants' conduct constitutes unfair and illegal and fraudulent business practices within the meaning of the California Business & Professions Code § 17200 *et seq.*

37.    Defendants' conduct violated certain laws as alleged herein. By engaging in the said conduct in the course of doing business, Defendants engaged in unlawful business practices in violation of the California Business & Professions Code § 17200

*et seq.*

38.    By engaging in the above-described conduct in the course of doing business, Defendants engaged in unfair business practices in violation of the California Business & Professions Code section 17200 *et seq.*  The harm to each Plaintiff outweighed any utility that Defendants' conduct may have produced.

39.    Defendants' failure to disclose information concerning the data breach directly and promptly to affected customers, constitutes a fraudulent act or practice in violation of California Business & Professions Code section 17200 *et seq.*

40.    Plaintiff suffered injury in fact and lost property and money as a result of Defendants' conduct.

41.    Plaintiff seeks restitution and injunctive relief on behalf of the Class.

## SECOND COUNT

**Invasion of Privacy - Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and California Constitutional Right to Privacy**

**(Against All Defendants)**

42.    Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

43.    Plaintiff had a reasonable expectation of privacy in the Private Information Defendants mishandled.

44.    By failing to keep Plaintiff's Private Information safe, and by misusing

11

1    and/or disclosing said information to unauthorized parties for unauthorized use,

2    Defendants invaded Plaintiff's privacy by:
3

4              a.    intruding into Plaintiff's private affairs in a manner that would be

5                    highly offensive to a reasonable person;

6              b.    publicizing private facts about Plaintiff, which is highly offensive
7
8                    to a reasonable person;

9              c.    using and appropriating Plaintiff's identity without Plaintiffs'
10
                     consent;
11

12             d.    violating Plaintiff's right to privacy under California Constitution,

13                   Article 1, Section 1, through the improper use of Plaintiff's Private

14                   Information properly obtained for a specific purpose for another
15
16                   purpose, or the disclosure of it to some third party.

17    45.    Defendants knew, or acted with reckless disregard of the fact that, a

18    reasonable person in Plaintiff's position would consider Defendants' actions highly
19

20    offensive.

21    46.    Defendants invaded Plaintiff's right to privacy and intruded into

22    Plaintiff's private affairs by misusing and/or disclosing Plaintiff's Private Information
23

24    without her informed, voluntary, affirmative and clear consent.

25    47.    As a proximate result of such misuse and disclosures, Plaintiff's

26    reasonable expectations of privacy in her Private Information was unduly frustrated
27

28    and thwarted. Defendants' conduct amounted to a serious invasion of Plaintiff's

                                          12

1  protected privacy interests.

2
3  48.    In failing to protect Plaintiff's Private Information, and in misusing and/or

4  disclosing Plaintiff's Private Information, Defendants have acted with malice and

5  oppression and in conscious disregard of Plaintiff's and the Class members' rights to

6
7  have such information kept confidential and private.  Plaintiff, therefore, seeks an

8  award of punitive damages on behalf of the Class.

9  ## THIRD COUNT

10  ## Negligence

11

12  ## (Against All Defendants)

13  49.    Plaintiff incorporates the substantive allegations contained in all previous

14  paragraphs as if fully set forth herein.

15

16  50.    Defendants came into possession of Plaintiff's Private Information and

17  had a duty to exercise reasonable care in safeguarding and protecting such information

18  from being compromised, lost, stolen, misused, and/or disclosed to unauthorized

19

20  parties.

21  51.    Defendants had a duty to timely disclose that Plaintiff's Private

22  Information within its possession had been compromised.

23

24  52.    Defendants had a duty to have procedures in place to detect and prevent

25  the loss or unauthorized dissemination of Plaintiff's Private Information.

26

27  53.    Defendants, through their actions and/or omissions, unlawfully breached

28  their duty to Plaintiff by failing to exercise reasonable care in protecting and

13

safeguarding Plaintiff' Private Information within Defendants' possession.

54.     Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's Private Information.

55.     Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to the Plaintiff and the Class members the fact that their Private Information within their possession had been compromised.

56.     Defendants' negligent and wrongful breach of their duties owed to Plaintiff and the Class proximately caused Plaintiff' and Class members' Private Information to be compromised.

57.     Plaintiff seeks the award of actual damages on behalf of the Class.

## FOURTH COUNT

### Bailment

### (Against All Defendants)

58.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

59.     Plaintiff and the Class members delivered and entrusted their Private Information to Defendants for the sole purpose of receiving services from Defendants.

60.     During the time of bailment, Defendants owed Plaintiff and the Class members a duty to safeguard this information properly and maintain reasonable

14

security procedures and practices to protect such information.  Defendants breached

this duty.

61.    As a result of these breaches of duty, Plaintiff and the Class members

have suffered harm.

62.    Plaintiff seeks actual damages on behalf of the Class.

## FIFTH COUNT

### Conversion

### (Against All Defendants)

63.    Plaintiff incorporates the substantive allegations contained in all previous

paragraphs as if fully set forth herein.

64.    Plaintiff and Class members were the owners and possessors of their

Private Information.  As the result of Defendants' wrongful conduct, Defendants have

interfered with the Plaintiff's and Class Members' rights to possess and control such

property, to which they had a superior right of possession and control at the time of

conversion.

65.    As a direct and proximate result of Defendants' conduct, Plaintiff and the

Class members suffered injury, damage, loss or harm and therefore seek compensatory

damages.

66.    In converting Plaintiff's Private Information, Defendants have acted with

malice, oppression and in conscious disregard of the Plaintiff' and Class members'

rights.  Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

67.     Plaintiff and the Class members did not consent to Defendants' mishandling and loss of their Private Information.

## SIXTH COUNT

### Violation of Cal. Civ. Code § 1798.80 *et seq.*

### (Against All Defendants)

68.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

69.     The data breach described above constituted a "breach of the security system" of TARGET, within the meaning of Section 1798.82(g) of the California Civil Code.

70.     The information lost in the data breach constituted "personal information" within the meaning of Section 1798.80(e) of the California Civil Code.

71.     Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

72.     TARGET unreasonably delayed informing anyone about the breach of security of California Class Members' confidential and non-public information after Defendants knew the data breach had occurred.

73.     Defendants failed to disclose to California Class Members, without unreasonable delay, and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, personal Information when

they knew or reasonably believed such information had been compromised.

74.    Upon information and belief, no law enforcement agency instructed TARGET that notification to California Class Members would impede investigation.

75.    As a result of Defendants' violation of Cal. Civ. Code § 1798.80 *et seq.*, Plaintiff and other Class Members incurred economic damages, including expenses associated with necessary credit monitoring.

76.    Plaintiff, individually and on behalf of the Class, seeks all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) damages suffered by Class Members as alleged above; (b) statutory damages for Defendants' willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; and (c) equitable relief.

77.    Plaintiff, individually and on behalf of the Class, also seeks reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A.    For an Order certifying this action as a class action and appointing Plaintiff and their Counsel to represent the Class;

B.    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' Private Information, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class members;

17

C. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

D. For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E. For an award of punitive damages;

F. For an award of costs of suit and attorneys' fees, as allowable by law; and

G. Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of their claims to the extent authorized by law.

Dated: December 19, 2013 AHDOOT & WOLFSON, PC

By: ______________________________
Robert Ahdoot

Attorneys for Plaintiff
Jennifer Kirk